UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GODDARD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:09CV940 HEA |
| | ) | |
| ALAN BLAKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Michael Goddard for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff Goddard is a civilly committed sex offender at the Missouri Sexual Offender Treatment Center (MSOTC). Goddard purports to bring this action on behalf of himself and ten other civilly committed offenders. Goddard brings this action under 42 U.S.C. § 1983. Named as defendants are several employees of the Missouri Department of Mental Health, who work at MSOTC. The complaint seeks declaratory, injunctive, and monetary relief.

The complaint consists of a laundry list of allegations that are not directed at any particular defendant. For example, plaintiffs allege that they are "not given adequate

recreational activities or supplies," that they "are being inadequately monitored for safety," and that they "have no opportunities for employment outside of MSOTC."

**Discussion**

The allegations in the complaint fail to state a prima facie case under § 1983 because the allegations do not rise to the level of a constitutional deprivation. As a result, the complaint fails to state a claim upon which relief can be granted.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiffs have not set forth any facts indicating that defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Finally, plaintiffs' motion to certify a class action will be denied. Under Rule 23(a)(4) a class representative must "fairly and adequately protect the interests of the class." Additionally, a litigant may bring his own claims to federal court without

counsel, but not the claims of others. 28 U.S.C. § 1654; 7A Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 1769.1 ("class representatives cannot appear pro se.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Goddard's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to certify a class action [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of June, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE